PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CAMM FINANCIAL, LLC, | ) | |
| | ) | CASE NO. 4:16CV1293 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FIRST COMMUNITY BANK, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 7] |

This matter is before the Court upon the Motion to Remand to State Court filed by Plaintiff CAMM Financial, LLC ("CAMM Financial"). ECF No. 7. Defendant filed a response. ECF No. 8. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, Plaintiff's motion is denied.

### I. Background

CAMM Financial is a loan service funding provider that offers financing to dealers and consumers of recreational vehicles and equipment including but not limited to RV's, trailers, and lawn mowers ("recreational equipment"). Plaintiff brokered relationships between lending institutions and dealers. *See* Complaint, ECF No. 1-1, ¶ 1. Defendant First Community Bank ("First Community") directly loans funds to potential customers for the purchase of recreational equipment from a dealer. Defendant entered into agreements with dealers ("dealer agreements") to provide loans directly to the dealer's customers. *Id.* at ¶ 5.

(4:16CV1293)

On October 26, 2015, Plaintiff and Defendant executed an agreement under which Plaintiff brokered non-party dealer Riverside Lawn Sales and Services of Jacksonville, Florida ("Riverside") to enter into a dealer agreement with Defendant (the "Riverside Dealer Agreement"). *Id.* at ¶ 8. Under the Riverside Dealer Agreement, Defendant approved and provided loans to Riverside customers for the purchase of lawn mowers. *Id.* at ¶ 9. At some later time, Defendant allegedly discovered that Riverside granted fraudulent loans to Riverside customers by virtue of identity theft and demanded indemnification from Plaintiff for losses stemming from those fraudulent loans. *Id.* at ¶ 10. In response, Plaintiff paid Defendant approximately $55,000.00 to cover the losses. *Id.* A balance of $58,000.00 remained. *Id.*

On April 25, 2016, Plaintiff filed this contractual dispute in the Mahoning County, Ohio Court of Common Pleas to recover $55,000.00 in alleged unjust enrichment on grounds that Plaintiff mistakenly believed it was legally obligated to indemnify Defendant's losses. *Id.* at ¶¶ 14-16. Plaintiff also seeks declaration that the agreement executed between Plaintiff and Defendant is unenforceable, thereby nullifying the remaining $58,000.00 balance due Defendant. *Id.* at PageID #: 8-9. On May 27, 2016, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1, ¶¶ 2, 4.

After removal, Plaintiff moved to remand arguing that Defendants failed to establish that the amount in controversy exceeds the statutory minimum of $75,000.00 as required by 28 U.S.C. § 1332. ECF No. 7 PageID #: 83. Defendant opposes a remand. ECF No. 8. The matter is ripe for adjudication.

(4:16CV1293)

## II. Legal Standard

A defendant seeking removal on the basis of diversity jurisdiction has the burden of proving by a preponderance of the evidence that the complete diversity and amount in controversy requirements are met. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "Normally, the sum claimed by the plaintiff[] controls[]but where plaintiff[] seek[s] to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000[.00.]" *Id.* at 822 (internal citations and quotations omitted).

In actions seeking a declaratory judgment, the amount in controversy is measured by "the value of the object of the litigation." *Northup Properties, Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). *See also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) ("[w]here a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.") (quotations omitted)).

The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal. *Popa v. CNX Gas Co., LLC*, No. 4:14CV143, 2014 WL 1369605, at *2 (N.D. Ohio Apr. 7, 2014) *(*citing *Ramski v. Sears, Roebuck, & Co.*, 656 F. Supp. 963, 965 (N.D. Ohio 1987)).

(4:16CV1293)

### III. Legal Analysis

The parties do not dispute that the $55,000.00 sought under Plaintiff's unjust enrichment cause of action (Count Two) is part of the amount in controversy. *See* ECF No. 7 at PageID #: 85; ECF No. 8 at PageID #: 104. The parties, however, disagree as to whether aggregating the $55,000.000 with the resulting value of Plaintiff's declaratory judgment cause of action (Count One) satisfies the in excess of $75,000.00 amount in controversy threshold for diversity jurisdiction.

Plaintiff contends that the only monetary damage claimed is the return of $55,000.00 previously paid to Defendant. ECF No. 7 at PageID #: 85. Defendant argues that "the value of the object [of Count One] is the additional $58,000.00 that First Community is demanding from Plaintiff pursuant to Plaintiff's indemnification obligation[.]" ECF No. 8 PageID #: 106. Recovery under Count One, Defendant asserts, would result in a nullification of $58,000.00 in addition to any possible recovery for the $55,000.00 to be reimbursed. Therefore, the value of the object of this litigation and the total amount in controversy between the parties, Defendant contends, is the sum of these amounts—$113,000.00—which exceeds the threshold for diversity jurisdiction. ECF No. 8 Page #: 106-07.

Plaintiff disagrees with this calculation and urges the Court to view the sum claimed from Plaintiff's perspective. ECF No. 7 at PageID #: 84. Although Plaintiff, urges the Court view of damages from its perspective, the Sixth Circuit "has yet to decide whether [it] view[s] the amount in controversy from the perspective of the plaintiff or the defendant." *McIlvaine, Inc. v. Seymour Transport, Inc.*, No. 5:12CV2726, 2013 WL 5670955, *3 (N.D. Ohio Oct. 16, 2013)

(4:16CV1293)

(citing *Northup Properties,* 567 F.3d at 770 n.1; *Everett,* 460 F.3d at 829). Moreover, the Court need not decide which perspective from which to view the Complaint because from either perspective the resulting economic impact on Plaintiff and Defendant exceeds $75,000.00. If Plaintiff prevails in this case, it will receive a $55,000.00 reimbursement and nullification of a $58,000.00 debt. If Defendant prevails in this case, it will retain the previously paid $55,000.00 and receive an additional $58,000.00. *See, e.g., Ojala Properties, LLC v. Clear Channel Outdoor, Inc.*, No. 1:13CV1226, 2013 WL 4501020 *2 (N.D. Ohio Aug. 21, 2013) (finding that federal jurisdictional amount was met from either the Defendant or Plaintiff's viewpoint).

Accordingly, the Court determines that Defendant has demonstrated that it is more likely than not that the amount in controversy in this action exceeds $75,000.00.

### IV. Conclusion

For the reasons stated above, Plaintiff's motion to remand (ECF No. 7) is denied. Plaintiff has until January 24, 2017 to respond to Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim, and Motion to Transfer Venue (ECF No. 5). *See* Order, ECF No. 10. Defendant has until February 7, 2017 to file a reply, if necessary. No further extensions will be granted, none shall be sought.


IT IS SO ORDERED.


January 11, 2017      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge